CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
MAR 26 2019
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| THOMAS HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:17-cv-00041 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NANCY A. BERRYHILL, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Before me is the Report and Recommendation ("R&R") of the United States Magistrate Judge recommending that I grant the Commissioner's Motion for Summary Judgment [ECF No. 18] and affirm the Commissioner's decision. The R&R was filed on August 27, 2018 [ECF No. 21], and Plaintiff filed an objection on September 10 [ECF No. 21]. The Commissioner responded [ECF No. 22], and the matter is now ripe for review. See Fed. R. Civ. P. 72(b). After careful review and consideration, and for the reasons stated below, I will overrule Plaintiff's objections and grant the Commissioner's Motion for Summary Judgment.

I. **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On February 27, 2013, Plaintiff Thomas Harris ("Plaintiff") filed an application for disability insurance benefits pursuant to Title II of the Social Security Act ("the Act"), and supplemental security income pursuant to Title XVI of the Act. See 42 U.S.C. §§ 401–33; 1381–1383f (2018). (See R. 73; 81.) In his applications, Plaintiff alleged that he had been disabled since August 15, 2010, due to a combination of: high blood pressure; heart attack; back problems; and because he had "less than 1/3 of [the] muscle and tendons left in [his] right leg." (Id.) The Commissioner denied Plaintiff's claims initially on August 6, 2013 (R. 80, 88), and again upon reconsideration on June 16, 2014. (See R. 103, 116.)

Plaintiff requested a hearing before an Administrative Law Judge and on August 19, 2015, Plaintiff appeared with his attorney before Administrative Law Judge H. Munday ("the ALJ"). (R. 37–70.) Both Plaintiff and a vocational expert, Courtney Stiles, testified. (Id.) In a written decision dated November 20, 2015, the ALJ determined that Plaintiff was not disabled within the meaning of the Act. (See generally R. 19–31.) The ALJ found that Plaintiff suffered from "acute myocardial infarction by history, coronary artery disease, dysfunction of a major joint and muscular atrophy of the right leg, and degeneration of the lumbar spine and lumbosacral intervertebral disc," which qualified as severe impairments. (R. 21–22 (citing 20 C.F.R. §§ 404.1520(c) & 416.920(c)).) The ALJ found that Plaintiff did not have an impairment or combination or impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 22 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, & 416.926).)

After consideration of the entire Record, the ALJ concluded that Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) & 416.967(b), except that

> he can stand and walk for four hours in an eight-hour workday. He can frequently stoop and kneel. He can occasionally balance, crouch, crawl, and climb ramps and stairs, but he can never climb ladders, ropes or scaffolds. [He] can occasionally push and pull with his right lower extremity. He requires a sit/stand option at 30-minute intervals while remaining on task. [He] can have occasional exposure to vibration and occasional exposure to hazardous conditions, including unprotected heights and moving machinery.

(R. 23.) The ALJ concluded that, although Plaintiff was not capable of performing his past relevant work, there were jobs that existed in significant numbers in the national economy that he could perform, such as laundry worker, cashier, and electronics worker. (R. 30–31 (citing 20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, & 416.969(a)).) Accordingly, the ALJ concluded that Plaintiff

was not disabled within the meaning of the Act. (R. 31.) The Appeals Council denied Plaintiff's request for review (R. 1–3), and the decision of the ALJ became the final decision of the Commissioner on April 25, 2017. (Id.)

On June 23, 2017, Plaintiff filed suit in this Court to challenge the final decision of the Commissioner. (Compl. [ECF No. 2].) Pursuant to 28 U.S.C. § 636(b)(1)(B), I referred the case to the United States Magistrate Judge for consideration. The Commissioner filed a Motion for Summary Judgment on February 21, 2018 [ECF No. 18]. On August 27, Judge Hoppe filed a Report and Recommendation ("R&R"), recommending that I grant the Commissioner's motion for summary judgment and affirm the decision of the Commissioner. (R&R, Aug. 27, 2018 [ECF No. 20].) On September 10, Plaintiff filed timely objections to the R&R. (Pl.'s Obj., Sept. 10, 2018 [ECF No. 21].) The Commissioner responded on September 17 [ECF No. 22], so the matter is now ripe for review.

## II.   **STANDARD OF REVIEW**

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. See 42 U.S.C. § 405(g) (2014); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545 (2014); see Shively v. Heckler, 739 F.2d 987, 990 (4th Cir. 1984) (noting that it is the role of the ALJ, not the vocational expert, to determine disability). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927 (2014). Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner. See id. §§ 404.1527(e), 416.927(e); Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987). If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. Laws, 368 F.2d at 642. In reviewing the evidence, I may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the Secretary," Mastro, 270 F.3d at 176 (quoting Craig, 76 F.3d at 589), or the secretary's designate, the ALJ, Craig, 76 F.3d at 589 (quoting Walker, 834 F.2d at 640).

### III. DISCUSSION

Plaintiff has lodged two objections: first, the Magistrate Judge erred in concluding that the ALJ properly considered Plaintiff's cane use; and second, the Magistrate Judge erred in concluding that the ALJ properly considered the relevant opinion evidence. These objections will be addressed in turn.

It is well-settled that a claimant bears the burden of establishing that a cane is medically required. See, e.g., Wimbush v. Astrue, No. 4:10cv36, 2011 WL 1743153, at *2–3 (W.D. Va. May 6, 2011).

> To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information). The adjudicator must always consider the particular facts of a case.

SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996). Plaintiff's objection to the ALJ's decision regarding the medical necessity of a cane lacks merit.

In the opinion, ALJ Munday wrote:

> In this case, the claimant reports needing a cane for the previous year and a half at the time of his hearing, and he said he uses it because his doctor told him he could try it. However, the claimant has not reported the knee buckling, leg weakness[,] and pain to his doctor that he described in his hearing testimony, and there is no objective evidence in [the] record that shows the claimant was prescribed a cane for ambulation, for either support or balance. The claimant does have some mild findings on imaging in the lumbosacral spine, but the degree of findings in this case against do not support the need for a cane or other assistive device.

(R. 22.) Plaintiff argues that there *were* objective findings that a cane was medically necessary. He points to a notation in his treatment notes from July 2, 2015, that he ambulates with a cane. (See R. 392.) But this notation only states that Plaintiff has chosen to use a cane, not that a medical professional prescribed its use. It does not establish that a cane was medically necessary, only that Plaintiff has chosen to use one. A passing notation, based solely on Plaintiff's subjective choices, is not objective evidence of medical necessity. Accord Craig v. Chater, 76 F.3d 585, 590 n.2 (4th Cir. 1996) (rejecting the argument that a physician documenting what a patient says transforms that evidence into objective evidence because such a rule would "vitiate any notion of objective

clinical medical evidence"). Moreover, the Social Security Ruling requires that there be medical documentation of the *need* for a cane, not merely the *use* of one. SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996). The ALJ, and the Magistrate Judge, properly concluded that there was no *objective* evidence of the medical necessity for a cane.

Plaintiff also contends that the Magistrate Judge and the ALJ "ignored" evidence that Plaintiff's condition was worsening. What Plaintiff has not argued, however, is that there is "medical documentation establishing the need for a" cane. Id. Assuming Plaintiff is correct that his condition was worsening, that is insufficient to show that a cane is medically required. There is likewise nothing to be gleaned from the January 24, 2015, reference that Plaintiff used a rolling walker. (R. 396). This treatment note, Plaintiff conveniently omits, was *two days post hip surgery* to remove a mass from his hip. (See R. 398.) Having failed to point to any *objective* finding that a cane was medically necessary, Plaintiff's objection is unsupported and will be overruled.

Plaintiff's next objection is to the ALJ's consideration of Dr. Cole's medical source statement. A treating physician's opinion is traditionally afforded "controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). When there is "persuasive contrary evidence," and if the ALJ gives "good reasons" that are supported by the record, the ALJ may give a treating physician's opinion less weight. Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). On review, I am not permitted to supplant my opinion for the ALJ's; I "must defer to the ALJ's assignments of weight [given to treating physicians] unless they are not supported by substantial evidence." Dunn v. Colvin, 607 F. App'x 264, 271 (4th Cir. 2015) (unpublished) (citing Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012)).

Plaintiff contends that the Magistrate Judge erroneously stated that Dr. Cole's treatment of Plaintiff began in 2013, when in fact it began in 2007. While Plaintiff is correct that Dr. Cole first saw Plaintiff in 2007 for a consult regarding a positive drug test at work (see R. 311), it does nothing to bolster his argument that the ALJ erred in afforded Dr. Cole's opinion minimal weight. In her opinion, the ALJ stated:

> As for the opinion evidence, the undersigned has considered Dr. Cole's opinions, as expressed in the evidence, and she has given them minimal weight. There is no objective evidence in the record supporting Dr. Cole's conclusion that the claimant would have the documented absences from work or that he would essentially spend his day shifting positions or lying down with his legs elevated based on the objective findings in the record.

(R. 29.) The record establishes that, but for the 2007 consultation that had nothing to do with Plaintiff's allegedly disabling conditions, Dr. Cole examined Plaintiff for the first time the same day he completed the medical source statement. (See R. 25, 323–326.) Additionally, the ALJ noted that Plaintiff had worked physically demanding jobs while suffering the conditions Dr. Cole described as disabling. These findings, coupled with the relatively benign physical examinations (see id. 25–27), are sufficient evidence to support ALJ Munday's decision.

Plaintiff also posits that, because Dr. Cole opined that Plaintiff would need to shift positions during the day and because the ALJ's RFC included allowing Plaintiff to sit and stand at 30-minute intervals, it was "entirely illogical" to reject any part of Dr. Cole's opinion. (See Pl.'s Obj. pg. 4.) This argument misstates both opinions. Dr. Cole stated that Plaintiff could only sit for 30 minutes at a time, could only stand for 30 minutes at a time, and would have to take a 30-minute break every 30 minutes. (R. 313–14.) By contrast, Plaintiff's RFC was held to require "a sit/stand option at 30-minute intervals while remaining on task." (R. 23.) Clearly, the ALJ did not adopt Dr. Cole's opinion into his RFC.

Secondly, there is no logical basis to conclude that, because an ALJ agrees with one portion of an opinion to which she has afforded minimal weight, she is required to accept the entire opinion. As the ALJ discussed, there was substantial evidence to call into question a large majority of Dr. Cole's opinion, including his lack of a longitudinal relationship with the patient and the benign physical examinations. See 20 C.F.R. § 404.1527(c)(2)(i) (noting that "the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the medical source's opinion"); id. § 404.1527(c)(2)(iii) ("The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion.) Even if a plaintiff's RFC includes *some* provision of a rejected physician's opinion, that does not establish the validity of every facet of that opinion. The fact that some opinion is supported by the medical evidence does not compel the conclusion that the entire opinion is unassailable. (Compare 20 C.F.R. § 404.1567(b) (describing light work as involving "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and R. 22–23 (limiting Plaintiff to light work), with R. 314 (Dr. Cole's opinion that Plaintiff can frequently lift and carry 10 pounds and occasionally lift and carry 20 pounds, but never more).)

For all these reasons, substantial evidence supports the ALJ's decision to afford Dr. Cole's opinion less than controlling weight. Plaintiff's second objection will be overruled.

## IV. CONCLUSION

Plaintiff's objections are not supported by the record or relevant law and will be overruled. I have reviewed the remainder of the record for clear error. Finding none, I will adopt the R&R,

grant the Commissioner's Motion for Summary Judgment, and affirm the final decision of the Commissioner.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record as well as to Magistrate Judge Hoppe.

**ENTERED** this 26th day of March, 2019.

        s/Jackson L. Kiser
        SENIOR UNITED STATES DISTRICT JUDGE